IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-559-MHT |
| | ) | |
| MARK BRUTON, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I. INTRODUCTION

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Michael Ward, a state inmate at the he filed the complaint on June 28, 2016.[1] In this complaint, Ward alleges that in September of 2000, upon his return to the custody of the Alabama Department of Corrections ("ADOC") for a probation violation on a 1995 first degree robbery conviction imposed by the Circuit Court of Jefferson County, Alabama, Bessemer Division (CC-1995-1205), an unidentified official in the Central Records Division of the ADOC entered an improper amount of jail credit for him. Ward complains that this erroneous entry caused his later incarceration on the robbery sentence after its expiration on March 9, 2012, because he was arrested on August 22, 2013 for a violation of parole

[1] The court received the complaint on July 8, 2016. Ward, however, verified his *in forma pauperis* application submitted with the complaint on June 28, 2016, Doc. 2 at 2, and therefore this is the earliest date he could have placed the complaint in the prison's mail system. Thus, the court considers June 28, 2016 to be the date of filing. *Houston v. Lack*, 487 U.S. 266, 271–72 (1988) (holding that a *pro se* inmate's complaint is deemed to be filed on the date it is delivered to prison officials for mailing).

granted to him on the 1995 robbery conviction. Ward also challenges the terms of parole he served for the 1995 robbery conviction beyond the expiration of his sentence for this offense on March 9, 2012. Ward names Mark Bruton, the current Director of the Central Records Division for the ADOC, as the sole defendant in this cause of action. He seeks monetary damages from the defendant for the alleged violation of his constitutional rights arising from the erroneous entry of jail credit in September 2000. Doc. 1 at 4.

The defendant filed a special report, supplemental special reports, and relevant evidentiary materials in support of his reports, including affidavits and certified copies of relevant prison records. In these filings, the defendant denies he had any responsibility for inputting the wrong amount of jail credit in September of 2000, Doc. 17 at 2–3, and maintains that the only evidence before the court establishes that he corrected the error on October 26, 2015 when Ward first brought it to his attention. Doc. 17-1 at 2. The defendant further asserts that the claims presented in the complaint are barred by the applicable statute of limitations. Doc. 17 at 4.

After receipt of the defendant's special report and supplements to the report, the court issued an order directing Ward to file a response to "the written reports of the defendant[] addressing each of the arguments/defenses raised therein." Doc. 23 at 1. The order specifically cautioned that "unless within fifteen (15) days from the date of this order a party . . . presents sufficient legal cause why such action should not be undertaken . . . the court may at any time [after expiration of the time for the plaintiff filing a response to this order] and without further notice to the parties (1) treat the special report[s] and any

supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law." Doc. 23 at 3. Ward filed unsworn responses to these reports on October 19, 2016 and October 28, 2016, Docs. 24 & 25, and an affidavit in support of the second response. Doc. 25-1.[2] Ward, however, does not address the statute of limitations defense raised by the defendant and merely argues his entitlement to relief on his claims.

Pursuant to the directives of the order described above, the court deems it appropriate to treat the defendant's special report and supplements as a motion for summary judgment and concludes that summary judgment is due to be granted in favor of the defendant because Ward did not file this case within two years of the entry of the improper amount of jail credit.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th

---

[2] This court declines to consider Ward's responses to the defendant's reports because these responses were not sworn statements or signed with an averment that they were made under penalty of perjury. *See* 28 U.S.C. § 1746; *Holloman v. Jacksonville Housing Auth.*, 2007 WL 245555, *2 (11th Cir. Jan. 20, 2007) (noting that "unsworn statements, even from *pro se* parties, should not be considered in determining the propriety of summary judgment"); *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) (holding that "the court may not consider [the *pro se* inmate plaintiff's unsworn statement] in determining the propriety of summary judgment").

Cir. 2007) (internal quotation marks omitted); Rule 56(a), Fed. R. Civ. P. ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (holding that the moving party has the initial burden of showing there is no genuine dispute of material fact for trial). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present appropriate evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322–24; *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011) (holding that moving party discharges his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial).

When the defendant meets his evidentiary burden, as he has in this case, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion

of fact [by citing to materials in the record including affidavits, relevant documents or other materials], the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]"); *Jeffery*, 64 F.3d at 593–94 (holding that, once a moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or statements made under penalty of perjury], or by depositions, answers to interrogatories, and admissions on file," demonstrate that there is a genuine dispute of material fact). In civil actions filed by inmates, federal courts "must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage." *Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). This court also will consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014); *Barker v. Norman*, 651 F.2d 1107, 1115 (5th Cir. 1981) (stating that a verified complaint serves the same purpose of an affidavit for purposes of summary judgment). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005).

A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable factfinder to return a verdict in its favor such that

summary judgment is not warranted. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1313 (11th Cir. 2007). The evidence must be admissible at trial, and if the nonmoving party's evidence "is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986), Fed. R. Civ. P. 56(e). "A mere 'scintilla' of evidence supporting the supporting party's position will not suffice[.]" *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252). Only disputes involving material facts are relevant, and materiality is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248.

To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. At the summary judgment stage, this court should accept as true "statements in [the plaintiff's] verified complaint, [any] sworn response to the officers' motion for summary judgment, and sworn affidavit attached to that response [or other duly submitted affidavit.]" *Sears v. Roberts*, 2019 WL 1785355, *3 (11th Cir. April 24, 2019). In cases where the evidence before the court that is admissible on its face or that can be reduced to admissible form indicates there is no genuine dispute of material fact and the

party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323–24; *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (holding that to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Ft. Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). "[T]here must exist a conflict in substantial evidence to pose a jury question." *Hall v. Sunjoy Indus. Group, Inc.*, 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citation omitted).

Although factual inferences must be viewed in a light most favorable to the plaintiff and *pro se* complaints are entitled to liberal interpretation, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525. Thus, a plaintiff's *pro se* status alone does not compel this court to disregard elementary principles of production and proof in a civil case. Here, after a thorough and exhaustive review of all the evidence that would be admissible at trial, the court finds that Ward has failed to demonstrate a genuine dispute of material fact in order to preclude entry of summary judgment in favor of the defendant because his complaint is barred by the applicable two-year period of limitations.

## III. RELEVANT FACTS

Ward began service of the sentence imposed for his 1995 robbery conviction on

December 12, 1995. Doc. 17-1 at 1. He was released on probation from this sentence on March 17, 1998. Doc. 17-1 at 1. Due to a violation of his probation, Ward returned to the custody of the ADOC to continue serving the robbery sentence on September 14, 2000 "and was mistakenly given only the new jail credit of 184 days and . . . [not] the 3 years of credit for pre-time served." Doc. 17-1 at 1. This lack of correct jail credit for time served appeared on his timesheet beginning in September 2000. Ward was released to parole on August 25, 2008 but returned to custody on August 22, 2013 for a violation of his parole on the 1995 robbery conviction due to his commission of a new burglary offense,[3] and he "remained in ADOC custody until January 6, 2014, when he was continued back onto parole" for the robbery conviction. Doc. 17-1 at 1. It is this later term of incarceration and the terms served on parole after March 9, 2012 for which Ward seeks relief.

**IV. DISCUSSION**

Upon the revocation of the term of probation imposed for the 1995 robbery conviction, Ward re-entered the state prison system in September 2000. At this time, an employee of the Central Records Division erroneously entered his jail credit as 184 days rather than the correct amount of 1279 days. This erroneous entry eventually resulted in Ward's serving of terms of parole past his true sentence expiration date and his incarceration for four months and three days on an expired sentence. Doc. 17-1 at 1. It is

[3] The entries on the case action summary sheet for this burglary offense maintained by the Alabama Trial Court System, hosted at www.alacourt.com, establish that Ward was convicted of third degree burglary before the Circuit Court of Jefferson County, Alabama on March 23, 2015 and sentenced for this offense on May 26, 2015. As permitted by applicable law, this court takes judicial notice of the case action summary sheets relative to Ward's convictions before the state courts. *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014).

undisputed that on January 7, 2001 Ward submitted a request slip to his classification supervisor challenging the lack of good time allowed on the sentence imposed for his 1995 robbery conviction. Doc. 17-1 at 6. In this request slip, Ward acknowledged that he possessed a copy of his timesheet that contained the incorrect amount of jail credit made the basis of this complaint.

Ward challenges the amount of jail credit entered on his inmate timesheet in September 2000 when he re-entered the state prison system upon the revocation of his probation on the 1995 robbery conviction. The defendant argues that this claim is barred by the applicable statute of limitations because Ward failed to file the complaint within two years from the time his claim challenging the improper entry of jail credit accrued. A review of the evidence in this case establishes that the latest date of accrual for this claim is January 7, 2001, the date Ward acknowledges the possession of a timesheet containing the erroneous amount of jail credit.

Upon review of the documents filed by the parties and under applicable federal law, the court concludes that Ward's claim arising from the incorrect entry of jail credit on his timesheet in September 2000 is barred by the two-year period of limitations governing 42 U.S.C. § 1983 claims.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citations omitted).

Although the general state statute of limitations determines the period of limitations for a § 1983 action, the time of accrual is a federal question. *Cox v. Stanton*, 529 F.2d 47, 49–50 (4th Cir. 1975). Under federal law, the statute of limitations in § 1983 actions begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id*. An action under § 1983 therefore accrues when a plaintiff knows or (if he had acted in a prudent manner) could have known of the underlying claims. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987); *Calhoun v. Ala. Alc. Bev. Control Bd.*, 705 F.2d 422, 425 (11th Cir. 1983).

As previously noted, the earliest date Ward could be deemed to have filed the complaint is June 28, 2016. The relevant conduct occurred in September 2000, and the record evidence establishes that Ward knew or could have known the factual basis for his claim no later than January 7, 2001. By its express terms, the tolling provision of Alabama Code § 6-2-8(a) affords no relief to Ward from application of the time bar.[4] The statute of limitations applicable in this case therefore began to run on January 8, 2001.[5] The limitations period ran without interruption until its expiration on January 8, 2003. Ward filed the instant complaint on June 28, 2016. The filing of this civil action thus occurred more than 13 years after the expiration of the applicable period of limitations for presenting

[4] The tolling provision provides that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability" to commence the action. Ala. Code § 6-2-8(a). Ward does not allege that either of these exceptions applies to him. Instead, the entries on his case action summary sheets for his state criminal convictions establish that Ward was 32 years of age in September 2001 and had not been deemed legally insane at any time relevant to the allegations under consideration.

[5] In computing the federal period of limitations, courts should "exclude the day of the event that triggers the period[.]" Fed. R. Civ. P. 6(a)(1)(A).

a challenge to the erroneous entry of jail credit. In addition, to the extent the claims presented by Ward could be construed to have accrued either when he was not released from parole on March 10, 2012, upon the revocation of an expired term of parole on August 22, 2013, or when he was released to an expired term of parole on January 6, 2014, the respective statute of limitations for these claims expired on March 11, 2014; August 24, 2015; and January 7, 2016—all of which occurred well before Ward filed this case.[6] Ward's complaint is therefore barred in all respects by the two-year statute of limitations, and for this reason the defendant is entitled to summary judgment.

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendant's motion for summary judgment be GRANTED.
2. Judgment be GRANTED in favor of the defendant.
3. This case be DISMISSED with prejudice.
4. The costs of this proceeding be taxed against the plaintiff.

On or before **June 6, 2019,** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

[6] Since expiration of the limitations period for the middle date falls on August 23, 2015, a Sunday, the one-year period of limitations expired the following Monday, August 24, 2015. Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on the 23rd day of May, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE